On Rehearing Granted.
The charging part of the declaration here in question states that defendant was operating a beauty parlor where human hair was dressed and cared for; that plaintiff was a patron of the parlor during the years of 1945, 1946 and 1947. In 1945 and subsequent on divers occasions defendant applied a lacquer on plaintiff's hair.
The record shows:
"* * * that the defendant knew, or by the exercise of reasonable care and diligence ought to have known, that the said lacquer would, if allowed to come into contact with the scalp, have a harmful and injurious effect thereon and would thereby injure and harm the hair by reason of its effect upon the scalp; that the defendant so carelessly and negligently applied said lacquer to plaintiff's hair that the same on many and divers occasions came into contact with her scalp and did thereby permanently injure plaintiff's hair and scalp and did thereby cause her great embarrassment, humiliation and mental anguish, and also, by reason of the premises, plaintiff has been obliged to and did necessarily lay out and expend divers sums of money in and about endeavoring to have the growth of her hair restored; * * *"
It is urged that the declaration is fatally defective because it failed to allege, as a fact, that the lacquer would be injurious if allowed to come in contact with the scalp.
The declaration is not exactly according to Andrews Stephen's Principles of Pleading. It could be more exact and positive in its averments however there is room for difference of opinion relative to its sufficiency and we will not hold it fatally bad and visit the harsh result upon the plaintiff.
The judgment is reversed for further proceedings.
Reversed.
TERRELL, CHAPMAN, and BARNS, JJ., concur.
THOMAS, C.J., and SEBRING and HOBSON, JJ., dissent.